IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:18-CV-57-FL

| | | |
|---|---|---|
| HERBERT MARTIN MODLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 26), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely filed an objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

In December 2010, plaintiff was found disabled by the Social Security Administration as of August 2010, due to colon and liver cancer which met or medically equaled Listing 13.18. Four years later, a review determined Modlin's health had improved and that he was no longer disabled.

The Social Security Administration terminated plaintiff's disability benefits on February 28, 2015 and upheld the termination on reconsideration.

A hearing was held before the ALJ in March 2016. The ALJ determined plaintiff was not entitled to benefits. Following remand by the appeals council, the ALJ held a second hearing in September 2017. The ALJ again concluded that plaintiff was not entitled to benefits on January 9, 2018, because he was not disabled. On September 14, 2018, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff filed the instant action on November 16, 2018, seeking judicial review of defendant's decision.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found

credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Plaintiff summarily objects to five principal findings of the M&R: 1) that substantial evidence supports the finding of the ALJ regarding the weight accorded the nonmedical opinion

3

of Reverend Ronald Parr, 2) that substantial evidence supports the ALJ's RFC determination, 3) that substantial evidence supports the findings of the ALJ regarding subjective symptoms and their limiting effects on his functioning, 4) that substantial evidence supports the finding of the ALJ regarding the application of the GRID rules, and 5) that substantial evidence supports the finding of the ALJ regarding the hypothetical questions presented to the VE.

In his objections, plaintiff identifies no particular error in the M&R. Instead, plaintiff restates without substantive alteration arguments made in motion for judgment on the pleadings. (See Pl. Obj. (DE 27) ¶ 6 (incorporating by reference plaintiff's prior brief); Pl. Mem. (DE 21) at 22–28). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (DE 20) is DENIED. Defendant's motion for judgment on the pleadings (DE 24) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge